**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 06 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TREZANAY M. ATKINS**
tmalaw llc
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL A. SCHOENING**
Nation Schoening Moll, P.C.
Fortville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEIANNA RAE HARRISON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1303-CC-265 |
| | ) | |
| CYNTHIA L. WELLS, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1103-CC-12449

**November 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Keianna Rae Harrison ("Harrison") appeals the denial of her Indiana Trial Rule 60(B) motion for relief from a default judgment entered in favor of Cynthia L. Wells ("Wells"). Harrison presents one issue for our review; we address the dispositive issue raised by Wells: whether Harrison preserved her right to appellate review of the trial court's denial of her motion for relief from the default judgment.

We dismiss.

**Facts and Procedural History**

In 2009, Harrison entered into a contract ("the Lease") to rent from Wells a property at 517 East New York Street, in Indianapolis. In 2011, Wells sued Harrison under the Lease claiming, inter alia, that: Harrison had vacated the property before the end of the Lease; Wells had been unable to re-lease the property; and Wells thus was entitled to damages under the Lease. On March 28, 2012, the trial court conducted a bench trial at which Harrison failed to appear. On April 3, 2012, the trial court entered findings of fact, conclusions of law, and a default judgment against Harrison.

On April 16, 2012, Harrison, proceeding pro se, filed a motion for relief from the default judgment under Indiana Trial Rule 60(B)(1) for excusable neglect,[1] asserting that she had been "hospitalized at St. Vincent Women's Center and [had been] unable to attend [the] trial." (App. at 33-34.) The trial court denied the motion the same day.

---

[1] The motion, styled as a "Verified Motion to Set Aside Default Judgment," did not articulate a specific trial rule. However, the substance of the motion is most appropriately characterized as invoking Trial Rule 60(B)(1).

2

Apparently unaware that the trial court had denied the motion, Harrison filed an identical motion on November 21, 2012, accompanied by a letter asking the trial court to consider the motion. The record is silent as to whether the trial court disposed of this second motion, and thus it is deemed denied. See Ind. Trial Rule 53.4 (unless a repetitive motion is ruled upon within five days, it shall be deemed denied).

On February 11, 2013, Harrison, by counsel, filed another motion for relief from the default judgment under Trial Rule 60(B)(1), still asserting excusable neglect, but also making an assertion of mistake and alleging a meritorious defense. The trial court denied this motion on February 20, 2013, and Harrison filed a notice of appeal on March 20, 2013.

**Discussion and Decision**

"A party initiates an appeal by filing a Notice of Appeal with the Clerk (as defined in Rule 2(D)) within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited[.]" App. R. 9(A)(5). And repetitive motions do not extend the time within which a notice of appeal may be filed. See T.R. 53.4(A).

A trial court's order denying a Trial Rule 60(B) motion for relief from a default judgment is a final judgment from which a party may appeal. T.R. 60(C). "It is well established that a [Trial Rule] 60(B) motion may not serve as a substitute for direct appeal." Weinreb v. TR Developers, LLC, 943 N.E.2d 856, 863 (Ind. Ct. App. 2011), trans. denied. "'A party may not file repeated [Trial Rule] 60 motions until [s]he either offers a meritorious

3

ground for relief or exhausts [her]self and the trial court in an effort to do so.'" Siebert Oxidermo, Inc. v. Shields, 446 N.E.2d 332, 338 (Ind. 1983) (quoting Carvey v. Ind. Nat'l Bank, 374 N.E.2d 1173, 1177 (Ind. Ct. App. 1978)). "[T]o sanction the repetitive filing of Rule 60(B) motions by a party suffering a default judgment is to encourage defaulted defendants to drag their feet and be dilatory in discovering grounds for setting aside a default judgment." Id. Yet, "error alleged in a second Rule 60(B) motion may be considered in an appeal if the grounds for that additional error were unknown and unknowable to the movant at the time [s]he made the first Rule 60(B) motion." Id. (citing Carvey, 374 N.E.2d at 1177-80).

The trial court's April 16, 2012 order denying the first motion for relief from the default judgment was an appealable, final judgment. See T.R. 60(C). Therefore, to preserve her right to appellate review, Harrison was required to file a notice of appeal within thirty days of the April 16, 2012 order. See App. R. 9(A)(1).

The second motion for relief from the default judgment was identical to the first, and thus it did not extend the time within which Harrison could file a notice of appeal. See T.R. 53.4(A); see also Weinreb, 943 N.E.2d at 863.

The third motion made the same assertion of excusable neglect, but also alleged a meritorious defense and asserted a claim of mistake premised on Harrison's purported misunderstanding, as a pro se litigant, of the requirement to allege a meritorious defense in her previous motions. However, because Trial Rule 60(B) requires that a movant who files a Trial Rule 60(B)(1) motion also allege a meritorious defense, the allegation of a meritorious

4

defense in the third motion is not a new assertion. And because we hold pro se litigants to the same standard as licensed attorneys, In re Estate of Carnes, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007), we conclude that the grounds for the claim of mistake in the third motion were not unknown and unknowable to Harrison when she filed the first motion. The third motion for relief from the default judgment thus did not extend the time within which Harrison could file a notice of appeal. See T.R. 53.4(A); see also Weinreb, 943 N.E.2d at 863.

Harrison failed to file a notice of appeal within thirty days of the April 16, 2012 order. Therefore, she has forfeited her right to appeal the trial court's denial of her motion for relief from the default judgment. See App. R. 9(A)(5).

Dismissed.

MAY, J., and BRADFORD, J., concur.